UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA
    Plaintiff,

v.

JEFFREY REUTER
    Defendant.

Case 4:21CR425 RWS/DDN

DEFENDANT'S MEMORANDUM IN SUPPORT OF DEFENSE MOTION FOR THE COURT TO APPOINT ALTERNATE COUNSEL

    On December 19, 2017, an order entered in a Missouri family court case by the St. Louis County Circuit Court (Associate Judge Mondonna Ghosedi) caused the seizure of the entirety of Defendant's savings (approximately $200,000). The funds were deposited into the court registry. Judges of the court appropriate monies as they see fit.

    At his initial appearance on July 26, 2021, unable to afford a lawyer, Defendant was appointed federal Public Defender Mohammed Ahmed by this court to represent him. Defendant doesn't believe that Mr. Ahmed has effectively represented him thus far and doubts Mr. Ahmed's willingness and ability to do so going forward. Defendant requests that the court appoint alternate counsel. The following is support for the request.

    At Defendant's initial appearance, Mr Ahmed was granted a continuance to July 29, 2021 for hearing on the Government's motion for detention. A hearing took place on the 27th and a transcript of the proceedings was filed

1

with the Court on August 23, 2021.

A bail report was prepared for the hearing by Pretrial Services Officer Jessica Aguilar-Adan. Mr. Ahmed did not provide Defendant an opportunity to read the report prior to the hearing. On page 5 lines 6-13 of the transcript, Mr. Ahmed challenges the veracity of a statement in the bail report which alleges that Defendant was arrested for domestic assault. As it turns out, Officer Aguilar-Adan, a supposed neutral agent of the Court, injected a false statement into her report which, by all measures, damages Defendant's character.

The false claim was addressed by Mr. Ahmed at the hearing by stating:

"It's my understanding after consultation with the defendant that he does not recall ever being arrested for domestic assault. He challenges that and I have an investigator trying to determine whether or not this is a correct statement."

Not exactly a ringing endorsement of Defendant's credibility from his lawyer.

If Mr. Ahmed needed an investigator to corroborate Defendant's denial of Aguilar-Adan's claim, then why wasn't an investigator completed before the hearing? And why didn't Mr. Ahmed question Officer Aguilar-Adan about the lie that she inserted into her report?

Since early August, Defendant has been requesting that Mr. Ahmed provide him court filings and transcripts

2

from the St. Louis County Circuit Court that are essential to Defendant's case. Even though Defendant was told by Mr. Ahmed that steps to acquire the information have been taken, three and one-half months later, most of the requested material has not been received.

An order concerning pretrial motions was entered on August 3, 2021. On page 2 ¶ 2, the order states that Defendant moved for an extension of time in which to consider filing pretrial motions or a waiver thereof. Mr. Ahmed moved for an extension without consulting Defendant. Since early August, Defendant has repeatedly expressed his wish for a speedy trial. The granting of Mr. Ahmed's motion altered the limits set forth in the Speedy Trial Act. As a result, Defendant's wish for a speedy trial has gone by the wayside.

Pretrial motions were due to be filed on or before October 20, 2021. Defendant's motion to dismiss indictment and to suppress evidence was presented to Defendant by counsel for review on October 20, 2021 at 1:00 pm. A cursory review was all that Defendant was afforded. Critical omissions, additions and corrections were needed. Counsel's procrastination undoubtedly compromised the thoroughness of the motion.

Mr. Ahmed and Defendant disagree on pretrial motions and case strategy. This became apparent at a meeting between the two at the Crawford County Jail on November 11, 2021. At this meeting, Defendant conveyed his wish to Mr. Ahmed for a change of counsel.

3

In a nutshell, Mr. Ahmed has shown an unwillingness to work at getting Defendant released from jail at the earliest possible date despite having the tools to do so. Unnecessary delays, unpreparedness, and a refusal to provide Defendant with requested material for case prep make Mr. Ahmed a poor fit for Defendant.

Because he cannot afford a paid lawyer, Defendant is at the mercy of this Court to provide capable representation. Defendant intends to go directly to trial, and he wishes to do so as soon as possible. Defendant requests an appointment of alternate counsel who is trial experienced and a pretrial video conference next week including all parties to schedule a trial at the earliest possible date.

Sincerely,
 
Jeffrey D. Reuter

4