UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4: 21 CR 425 RWS / DDN |
| ) | |
| JEFFREY REUTER, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the Court is the pretrial motion of defendant Jeffrey Reuter to dismiss the indictment. (Doc. 44.)[1] The government opposes the motion.

## BACKGROUND

The indictment alleges that defendant, beginning at a time unknown, continuing through December 10, 2019, and ending on or about December 11, 2019, within this judicial district,

> knowing he was subject to a court order issued on December 13, 2017, by the 21st Judicial Circuit Court in case number 17SL-PN05581, and issued after a hearing of which he received actual notice, and at which he had an opportunity to participate, restraining him from harassing, stalking, or threatening an intimate partner, that by its terms explicitly prohibited the use, attempted use or threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury, knowingly possessed one or more firearms, and the firearms previously traveled in interstate or foreign commerce during or prior to being in defendant's possession.

In violation of Title 18, United States Code, Section 922(g)(8).

---

[1] In Doc. 44, defendant also moves for the suppression of certain evidence and statements. The Court will take up these and any other suppression matters during the previously scheduled evidentiary hearing on May 16, 2022.

(Doc. 18.) Title 18, U.S. Code § 922(g)(8) provides:

> It shall be unlawful for any person who is subject to a court order that (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate; (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and . . . (C)(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury . . . [to possess or] to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant asserts the following facts relevant to his motion to dismiss. On November 2, 2017, defendant's ex-wife petitioned the Circuit Court of St. Louis County for an ex parte order of protection against defendant; he was served with an ex parte order on November 6, 2017. After a hearing on December 13, 2017, the Circuit Court issued a full order of protection against defendant. The order was "effective until Dec. 11, 2019." There is no record of service of the full order upon defendant.

Defendant asserts that on December 7, 2019, he went to the residences of three judges that he believed had subjected him to unfair and illegal treatment, and he left letters requesting injunctive relief and monetary damages. Defendant did not encounter any of the judges, and he did not threaten anyone, brandish a weapon, or vandalize property. Police were notified, and they obtained an arrest warrant. On December 11, 2019, after a non-violent standoff, police arrested defendant at his residence for Tampering with Judicial Officers.

### DISCUSSION

Defendant seeks dismissal of the indictment under Fed. R. Crim. P. 12(b)(3)(B)(v), which provides that a motion based on a defect in the indictment or information, including failure to state an offense, must be made before trial. He argues that the full order of protection was "effective until Dec. 11, 2019;" so it expired at 11:59 P.M. on December 10, 2019. (Doc. 44 at 5-6.) He contends that when the officers entered his residence,

during the afternoon of December 11, 2019, he was no longer under an order of protection, and there is no basis for his prosecution under 18 U.S.C. § 922(g)(8). (*Id*. at 6.) Defendant further argues that the government does not have sufficient evidence that he possessed a firearm during the unknown period of time before December 11, 2019. (*Id*.) He asserts that some of the government's evidence, including his statements in court documents, is uncorroborated and falls outside of the two-year period of the order of protection. (*Id*. at 8.) Lastly, defendant argues that the government has no evidence that he knew of his prohibited status. (*Id*. at 9.)

The government opposes defendant's motion to dismiss, arguing that the Federal Rules of Criminal Procedure do not allow for pre-trial determination of the sufficiency of the government's trial evidence. (Doc. 46 at 2.) It contends that the language in the indictment tracks the language of 18 U.S.C. § 922(g)(8), contains the essential elements of the offense charged, fairly informs defendant of the charge, and alleges sufficient information to allow defendant to avoid Double Jeopardy concerns. (*Id*. at 3.) It argues that defendant's motion to dismiss, though styled as a motion challenging the sufficiency of the indictment, directly challenges the sufficiency of the government's evidence. (*Id*.)

"An indictment survives a motion to dismiss for failure to state an offense if 'the indictment contains a facially sufficient allegation.'" *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (quoting *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001)). "An indictment is legally sufficient on its face if it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution." *United States v. Fleming,* 8 F.3d 1264, 1265 (8th Cir.1993). "An indictment that 'tracks the statutory language' is ordinarily sufficient." *United States v. Tebeau*, 713 F.3d 955, 962 (8th Cir. 2013) (quoting *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008)). "An indictment will normally be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted." *Id*.

The indictment in this case tracks the statutory language and contains all of the elements of the offense charged.  It alleges that (1) defendant was subject to a court order; (2) he had actual notice of and an opportunity to participate in the order of protection hearing; (3) the order restrained him from "harassing, stalking, or threatening an intimate partner;" (4) the order "explicitly prohibited the use, attempted use or threatened use of physical force;" and (5) he "knowingly possessed one or more firearms" that had traveled in interstate commerce.  *United States v. Sholley-Gonzalez*, 996 F.2d at 894.  Therefore, the indictment contains facially sufficient allegations to state the charged offense.

So long as the indictment is legally sufficient on its face, "federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence." *United States v. Ferro*, 252 F.3d at 968.  "[W]hen courts go beyond the face of the indictment, they are testing the sufficiency of the evidence, not whether the indictment stated an offense." *United States v. Sholley-Gonzalez*, 996 F.2d at 893.  It is within the purview of the jury at trial, not the Court upon a motion to dismiss, to determine a defendant's guilt or innocence based on factual elements of the offense.  *United States v. Hirsch*, 360 F.3d 860, 863 (8th Cir. 2004).

Defendant's arguments regarding the expiration of the order of protection and the sufficiency of the government's evidence go to the factual elements of the offense, and they are not within the Court's purview at the pre-trial motion stage.

Because the indictment contains a facially sufficient allegation, defendant's motion to dismiss should be denied.

## **CONCLUSION**

For these reasons,

**IT IS HEREBY RECOMMENDED** that the motion of defendant Jeffrey Reuter to dismiss the indictment **(Doc. 44) be denied**.

- 5 -

The parties are advised they have until April 19, 2022, to file documentary objections to this Report and Recommendation. Failure to file a timely documentary objection may waive the right to appeal issues of fact.

/s/ David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 1, 2022.